Cateon, Ch. J.
delivered the opinion of the court.
This was a ^certiorari from a justice of the peace to the county court, where the judgment of the justice was affirmed, and an appeal from the county to the circuit court by M’Gee, Hinds and Bearson.
The appellants filed the record of the cause in the circuit court, within fifteen days before the sitting of the court, and at the first term, the judgment of the county court was affirmed, because not filed in time. To this, exception was taken. One of the appellants filed an affidavit to continue the cause and have witnesses, but this was useless, if it was subject to be affirmed.
The act of 1794, sec. 66, provides that the transcript of the record shall be delivered to the clerk of the circuit court at least fifteen days before the sitting of the court, and shall be by him filed the day he receives it: and if such transcript of the record is not filed within the time aforesaid, then the judgment of the county eourt shall be affirmed.
The reason of this provision appears, by the 69th section of the court law.
The clerk is to give a receipt to the person delivering the record, and endorse thereon the day on which it was delivered. If he receive it fifteen days before the sit *104 ting of the next term of the circuit court, he shall entei it on the docket of causes for trial, and deliver to the parties such summons for witnesses as they may require but if the transcript is delivered to the clerk within fifteen days before the sitting of the court, then the clerk shall place it on the reference docket; and this under the the penalty of two hundred and fifty dollars. If the record be not filed at least fifteen days before the court sits, there will be no time to summon the witnesses, who must have ten days notice if summoned out of term time. Court Law of 1794, sec. 10. The appellant cannot defeat a speedy trial, by failing to file the record until the term of the court arrives. This cause was properly placed by the clerk on the reference docket, and the judgment was properly affirmed by the circuit court. Act of 1794, sec. 66. The twelve and a half per cent interest is allowed by the 64th section, in such cases.
Jeremiah Gwyn is the security from the county to the circuit court, and liable for the debt and damages, and judgment will be rendered against him as such. And .Robert M’Gee, Thomas Beaty, and Jeremiah Gwyn, were the securities to the bond for the certiorari, from the justices to the county court, who are bound for the justice’s judgment of the county court, which will be affirmed against them, as securities, as well as against the securities to this court, with twelve and a half per cent, per annum interest thereon. Act of 1823, ch. 54, sec. 2.
Judgment affirmed.